## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. CR-19-173-R |
| | ) | |
| | ) | |
| **JOSHUA ALAN MAUJER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant Joshua Alan Maujer's ("Defendant") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Doc. No. 62. The Government responded in opposition in Doc. No. 70. The Court finds as follows.

On December 2, 2019, Defendant pled guilty to one count of distribution of methamphetamine arising from a transaction between Defendant and an undercover officer. Doc. No. 38. In his plea agreement, Defendant agreed that he "would be held responsible for between 5-15 kilograms of a mixture or substance containing a detectable amount of methamphetamine." Doc. No. 70, p. 6. The plea agreement provided Defendant with "the equivalent of base offense level 34 under the United States Sentencing Guidelines" and "eliminat[ed] the possibility of a ten-year mandatory minimum sentence." *Id.* When he entered his guilty plea, Defendant acknowledged that he:

i)    Intended to change his plea, Doc. No. 70-2, p. 3;
ii)   Read, understood, and discussed his charge with his attorney, *Id.* pp. 3-4;
iii)  Understood the rights he waived when entering the guilty plea, *Id.* pp. 4-5;

iv)   Understood he waived the right to appeal, *Id.* p. 8; and

v)    Was satisfied with his attorney's services and that she did "all anyone could" to counsel him. *Id.*

Subsequently, on June 8, 2020, the Court sentenced Defendant to 108 months imprisonment, Doc. No. 70-3, p. 13, varying downward from the 210 to 262-month guideline range. *Id.* p. 6. Despite his attorney's assistance in receiving a significant downward variance, Defendant bases his § 2255 motion on grounds of ineffective assistance of counsel. Doc. No. 62.

Plea agreement waivers are generally enforceable. See *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, a plea agreement waiver is not enforceable when a § 2255 motion asserts ineffective assistance of counsel in negotiation of or entry into a plea, i.e, when it is asserted that the plea was not knowing or voluntary based upon ineffective assistance of counsel. *Id*. at 1187. To establish that counsel was constitutionally ineffective, a defendant must show i) that his counsel's performance fell below an objective standard of reasonableness and ii) that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To establish prejudice in the guilty plea context, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), or at a minimum, that there is "a reasonable probability that the end result of the criminal process would have been more favorable" to the defendant in the absence of counsel's deficiencies. *Id*. at 147. The Court need not analyze both deficient performance

2

and prejudice; a defendant's failure to establish either prong precludes him from garnering relief. *Strickland*, 466 U.S. at 697. The Court now turns to each of Defendant's arguments.

1. **Ground One**

Defendant argues that prior to signing and entering his plea, his attorney failed to fully explain the rights he "signed away" and had he been fully aware of those rights, he would have "hired a different attorney" to tell him to "plea no contest or not guilty." Doc. No. 62, p. 3. In response, the Government argues that Defendant's "vague accusation" is insufficient because he squarely admitted that he distributed at least 50 grams of methamphetamine and "unambiguously stated that he understood his rights, had no issues with his counsel and had no questions that remained unanswered." Doc. No. 70, p. 11–12.

Defendant cannot establish prejudice here. As explained above, establishing prejudice requires showing that in his version of events, "the criminal process would have been more favorable" to the Defendant. *Frye*, 566 at 147. First, Defendant does not argue that hiring a different lawyer could have resulted in a more favorable outcome. Second, at Defendant's sentencing, the Court explained that it varied downwards partially due to Defendant's "cooperation with the [G]overnment." Doc. No. 70-3, p. 13. Considering that Defendant sold methamphetamine to an undercover officer and admitted to distributing at least 50 grams of methamphetamine, entering the plea agreement likely benefitted, rather than prejudiced, Defendant. For this reason, Defendant's first proffered ground for relief fails.

### 2. Ground Two

Next, Defendant argues that his attorney failed to file objections to certain statements in the PSR. Doc. No. 62, p. 4. The Government articulates Defendant's specific allegations in Ground Two by explaining that

> [t]he only specific accusations [Defendant] makes are as follows: (1) he never said he was on methamphetamine; (2) he disputes the amount of Converted Drug Weight in the final PSR; (3) he never said he was getting the methamphetamine from Mexico; and (4) there is some issue where he could have "gotten a state warrant" on some issue which had given him "seven more points."

Doc. No. 70, p. 12. To begin with, though Defendant states that he "never said [he] was on methamphetamine[,]" the record appears otherwise. In the final presentence report, Defendant reported "a history of alcohol, marijuana, cocaine, and methamphetamine use." Doc. No. 47, p. 14. Next, as the Government explains, Defendant's attorney did object to the drug weight used to calculate his Base Offense Level and the Court sustained the objection. Doc. No. 70-3, p. 3.

Defendant also argues that he never said he was getting the methamphetamine from Mexico. However, again, the final presentence report states that Defendant "estimated that he sent approximately $20,000.00 to $25,000.00[ ] to Michoacán, Mexico, to the organization that owned the methamphetamine." Doc. No. 47, ¶ 26. Further, courts have held that a defendant's knowledge of methamphetamine's whereabouts is irrelevant; the two-level enhancement applies as long as the methamphetamine was imported from Mexico. *See United States v. Serfass,* 684 F.3d 548, 550–52 (5th Cir. 2012); *see also United States v. Redifer*, 631 F. App'x 548, 565 (10th Cir. 2015) (recognizing that the Fifth Circuit

4

has held that a defendant is subject to the enhancement when he imports methamphetamine from Mexico, even absent knowledge). Defendant's admission, despite his subsequent attempt to recant, justified the enhancement and therefore, he was not prejudiced by his attorney's performance in regard to the importation of methamphetamine from Mexico.

Lastly, the Court, even construing the petition liberally, can hardly ascertain Defendant's argument in regard to the "state warrant" issue which would have allegedly precluded an additional "seven more points." Taken from his petition, Defendant writes:

> If I would of known and had it explained to me like Ms. Singleton was supposed to I would have gotten a state warrant which made me had 7 more points tooken care of also which Ms. Singleton was supposed have tooken care of Dec-3-2019 whic[h] I got dismissed from in here.

Doc. No. 62, p. 4.

It appears that Defendant believes the dismissal of his outstanding state court action, Custer County Case No. CF-2019-269, should have *precluded* the "drugs seized in connection with that case" from consideration in the relevant conduct used in assessing his sentence. Doc. No. 70, p. 14. However, in her affidavit provided by the Government, Defendant's attorney explained that she "contacted the State Prosecutor in Custer County multiple times, both through phone messages, and never received a response" but subsequently, the "state case was dismissed on November 20, 2020, likely due at least in part to the efforts of [herself] and counsel for the Government." Doc. No. 70-1, p. 3. As the Government explains, because the drugs seized in Defendant's state court action were included in the "relevant conduct" of his sentencing, his attorney *was able to* inform the Custer County district attorney's office of the substance's inclusion, which may have led

to the dismissal of the state court action. Thus, Defendant's assertion fails because he shows no indication of how his attorney's actions prejudiced him.

### 3. Ground Three

Defendant also argues that his attorney failed to maintain contact with him or "try and get [him] back in a courtroom." Doc. No. 62, p. 6. Defendant's arguments are insufficient to support a claim for ineffective assistance of counsel. *See, e.g.*, *Scott v. United States*, No. 1:12-CR-0058-SWS, 2015 WL 10877548, at *11 (D. Wyo. Apr. 29, 2015) (finding that Defendant's ineffective assistance of counsel claim based on an alleged failure "to discuss the case with her" failed because the Defendant did not explain how counsel's actions prejudiced her).

Defendant provides no indication of how his attorney's allegedly poor communication prejudiced his defense. Further, in Defendant's plea hearing, he stated that he "was satisfied with his attorney's services and that she did "all anyone could" to counsel him." Doc. No. 70-2, p. 8. As his attorney explained to him, his only appeal option was to file a claim for ineffective assistance of counsel, and his attorney clearly could not assist him in filing that claim. Doc. No. 70-1, p. 4. Accordingly, Defendant's third ground for relief is insufficient to state a claim for ineffective assistance of counsel.

### 4. Ground Four

Lastly, Defendant argues that his attorney's performance was deficient because of her failure to pursue relief under the First Step Act or the Federal First Offenders Act ("FFOA"). Doc. No. 62, p. 7. Under the First Step Act, only the safety-valve relief provision was potentially applicable to Defendant. However, Defendant's attorney

specifically raised the issue of safety-valve relief in her sentencing memorandum. Doc. No. 51, p. 2. Despite his attorney requesting safety-valve relief, the Court considered and rejected its applicability. Doc. No. 70-3, p. 7. Thus, Defendant's argument that his counsel was somehow ineffective in regard to the First Step Act is unsupported by the record.

Likewise, the FFOA was inapplicable to Defendant because by its plain terms, the FFOA applies only in cases in which a defendant initially received a probated sentence. *See Vasquez–Velezmoro v. U.S. I.N.S.*, 281 F.3d 693, 697 (8th Cir. 2002) (only persons who receive no more than a one-year sentence of probation are eligible for the FFOA's benefits). Here, Defendant received more than a probated sentence, and therefore, he was not prejudiced by his attorney's failure to address the FFOA.

For the reasons set forth above, Defendant's fourth ground for relief also fails.

## 5. Conclusion

Defendant's ineffective assistance of counsel claim fails because Defendant has not shown that his attorney's representation of him prejudiced his defense. Specifically, he has not made a showing that but for his attorney's representation, it is reasonably probable "that the end result of the criminal process would have been more favorable" to him. Accordingly, Defendant's petition for relief under § 2255 is hereby DENIED.

Additionally, Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts requires a district court to grant or deny a certificate of appealability when it enters a final order adverse to a petitioner. A petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that reasonable jurists would not debate the denial of the instant petition, and thus, declines to issue a certificate of appealability. *See e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that a certificate of appealability should be issued if "jurists of reason" would find it debatable whether petitioner stated a valid claim.). Accordingly, Petitioner is not entitled to a COA.

**IT IS SO ORDERED** on this 27th day of July 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE