IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CR-19-173-R |
| JOSHUA ALAN MAUJER, | ) ) ) |
| Defendant. | ) |

**ORDER**

Defendant Joshua Alan Maujer, a federal prisoner appearing *pro se*, filed this Motion for Sentence Reduction (Doc. No. 81) on January 13, 2023, seeking release pursuant to 18 U.S.C. § 3582(c)(1)(A). He is serving a 108-month sentence of imprisonment for distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (Doc. No. 58). He expects to be released on May 25, 2027.[1] (Doc. No. 81, at 2). In explaining the basis for his request for release, Defendant states:

> While I was out on pretrial [release,] the State of Oklahoma picked up a charge which raised my sentencing points [by] 7 which my attorney was supposed to address. She failed while I was in county after [I was] sentenced I wrote Custer County and they dropped/dismissed the charge so now my sentencing points are 7 lower which puts me at 24 I believe!

(Doc. No. 81, at 5).

Defendant's assertion that a pending charge brought in Custer County, Oklahoma, added seven "sentencing points" is without factual support. In referencing "sentencing

---

[1] According to the Federal Bureau of Prisons "Find an Inmate" search feature, Maujer is expected to be released on April 26, 2027. *See* https://www.bop.gov/inmateloc/ (last accessed January 23, 2023).

points," the Court presumes that Defendant intends to refer to the "offense level computation" included in his Presentence Report (PSR). (Doc. No. 47, at 8-9, ¶¶ 31-43). An examination of Defendant's "offense level computation" reveals no mention of the Custer County charge and certainly no seven-point addition. *Id.* Though the PSR recognizes a pending charge of "Aggravated Trafficking in Illegal Drugs" against Mr. Maujer in Custer County, Oklahoma (Doc. No. 47, at 11), that charge—which Defendant contends was later dropped at his request—did not increase Defendant's total offense level when he was sentenced by this Court.

Regardless, for Defendant to move under § 3582(c)(1)(A), he must fully exhaust "all administrative rights." Defendant has failed to fully exhaust his administrative rights because he has not submitted a request for compassionate release to the warden. *See* 18 U.S.C. § 3582(c)(1)(A); (Doc. No. 81, at 3). Moreover, even if Defendant had fully exhausted his administrative rights, the Court lacks authority to reduce his sentence because none of the "three, very limited circumstances" applies. *See e.g., United States v. Mannie*, 971 F.3d 1145, 1148 n.1 (10th Cir. 2020). First, Defendant's account of the offense level computation is flawed and does not constitute an extraordinary and compelling reason warranting sentence reduction under § 3582(c)(1)(A). Although courts have the discretion to "'determine for themselves' whether extraordinary and compelling reasons exist in a given case," that discretion "is not limitless." *United States v. Headley*, No. 22-8060, 2022 WL 17820568, at *2 (10th Cir. Dec. 20, 2022) (quoting *United States v. Maumau*, 993 F.3d 821, 833 (10th Cir. 2021)). In short, Defendant cannot use § 3582(c)(1)(A) as a vehicle to "bypass both his plea agreement's appellate waiver and the

requirements he must meet in order to file a second or successive § 2255 motion." *Id.* (citing *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014)); (*See* Doc. No. 40, at 6-9).

Second, Defendant has not alleged that the applicable sentencing range has been lowered by the Sentencing Commission since Defendant's sentencing on June 8, 2020.[2] *See United States v. Gilchrist*, 752 F. App'x 681, 682 (10th Cir. 2019) ("Under § 3582(c)(2), a court may reduce a defendant's sentence only if it was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'") (quoting 18 U.S.C. § 3582(c)(2))). Third, while the Court may "modify a previously imposed sentence when a modification is 'expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,'" the Court must pair this authority with "another statute containing said standards." *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). Defendant has not directed the Court to any such statute.

Accordingly, Defendant's Motion for Sentence Reduction (Doc. No. 81) is DENIED.

**IT IS SO ORDERED** this 23rd day of January 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court imposed a sentence below the guideline range because of Defendant's employment record and lack of significant criminal history. (Doc. No. 59, 2-3).